UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMARIO CRENSHAW,

    Petitioner,

v.

                                  Case No. 23-cv-11507
                                  Hon. Matthew F. Leitman

STATE OF MICHIGAN,

    Respondent.

_____/

**<u>ORDER (1) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1), (2) DENYING A CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*</u>**

Petitioner DeMario Crenshaw is presently incarcerated at the Genesee County Jail in Flint, Michigan while he awaits trial on criminal charges in state court. On June 26, 2023, Crenshaw filed a petition in this Court in which he seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3).[1] (*See* Pet., ECF No. 1.) In the petition, Crenshaw says that he does not "consent" to some of the procedures being employed by the state court in his criminal case, and he asks the Court to "release [his] mortal flesh immediately." (*Id.*, PageID.2-3.)

---

[1] Though captioned as a civil "Complaint," Crenshaw's pleading asserts a pre-trial challenge to a pending criminal prosecution and seeks his immediate release from custody, and the pleading is therefore construed as a petition for a writ of habeas corpus under the traditional habeas statute, 28 U.S.C. § 2241(c)(3). *See Klein v. Leis*, 548 F. 3d 425, 430 n. 4 (6th Cir. 2008).

1

Crenshaw previously filed a petition for a writ of habeas corpus in this Court in which he sought essentially the same relief that he seeks in this case. *See Crenshaw v. Michigan*, E.D. Mich. Case No. 23-cv-11172. The Court summarily dismissed that petition on May 24, 2023. *See Crenshaw v. Michigan*, 2023 WL 3964081 (E.D. Mich. May 24, 2023). The Court explained that Crenshaw was not entitled to relief because his claims were not yet ripe:

> The Court will dismiss Crenshaw's petition because he has yet to be convicted of any criminal charges in state court. A state criminal case is ordinarily ripe for federal habeas review only after the defendant has been tried, convicted, and sentenced, and has exhausted his or her direct appeals. *See Allen v. Attorney General of the State of Maine*, 80 F. 3d 569, 572 (1st Cir. 1996). The Sixth Circuit has explained that a federal district court should generally abstain from hearing a pretrial habeas petition filed by a state prisoner if the issues raised in the petition are capable of being resolved either by trial in the state courts or by other state procedures available to the petitioner. See *Atkins v. People of the State of Michigan*, 644 F. 2d 543, 545-546 (6th Cir. 1981). Here, the Court will abstain from resolving the issues raised in Crenshaw's habeas petition because those issues are capable of being resolved by state courts.

*Id.* at *1.

For all of the same reasons that the Court dismissed Crenshaw's previous action, the Court will dismiss this case. Simply put, the issues that Crenshaw has raised in his petition are capable of being resolved by state courts. *See id.* Crenshaw's petition for a writ of habeas corpus (ECF No. 1) is therefore **DENIED**.

The Court also **DENIES** Crenshaw a certificate of appealability because jurists of reason would not find debatable this Court's conclusion that Crenshaw's claims are non-cognizable in a pre-trial habeas petition. *See McGinnis v. Wyoming*, 407 F. App'x 303, 304 (10th Cir. 2011).

Finally, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** Crenshaw leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED**.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: July 26, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 26, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan  
Case Manager  
(313) 234-5126